# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY C. JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-2252-NAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Jeffrey Johnston's application for disability insurance benefits and supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will affirm the denial of benefits.

I. **Issues for Review**

Johnston presents two issues for review. First, Johnston contends that the administrative law judge ("ALJ") failed to accord adequate weight to the opinions of his treating psychiatrist Dr. William Wang and the consultative examiner psychologist, Dr. David Lipsitz. Second, Johnston contends that the ALJ's residual functional capacity determination ("RFC") did not

consider the impact of his mental impairments on his functional abilities. The Commissioner contends that substantial evidence on the record as a whole supports the decision and it should be affirmed.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

### III. Discussion

#### A. Opinion Evidence

Johnston contends that the ALJ should have given more weight to the opinion of his treating psychiatrist, Dr. Wang and the consultative examiner, Dr. Lipsitz. The ALJ determined that Johnston had the severe impairments of bipolar disorder and attention deficit hyperactivity disorder. (Tr. 13.) The ALJ stated that he did not "fully accept" the conclusions in Dr. Wang's 2012 medical source statement, because although a few of the limitations cited by Dr. Wang are accounted for in his treatment notes, many of the abilities indicated as poor are not supported in the treatment notes or elsewhere in the medical record. (Tr. 20-21.)

Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(c), 416.927(c); SSR 96-2p; *see also Hacker*, 459 F.3d at 937. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000). "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). "The ALJ may reject the

conclusions of any medical expert, whether hired by the claimant or the government, if [the conclusions] are inconsistent with the record as a whole." *Id.*

Based on a review of the evidence in the record as a whole, the Court finds that the ALJ did not err in granting only partial weight to Dr. Wang's medical source statement. The ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). As noted by the ALJ, some of Dr. Wang's conclusions were supported by the treatment record. But, Dr. Wang's treatment records do not support the marked limitation findings for difficulties in social functioning. (Tr. 274.) Further, there is no evidence in the treatment record that Johnston has had repeated episodes of decompensation. The only mention of any episodes of decompensation is Dr. Wang's 2008 and 2012 medical source statements. (Tr. 233-234, 274.)

Next, the ALJ stated that he partially accepted Dr. Lipsitz's conclusions following a consultative examination. (Tr. 21.) It appears, though not stated directly, the ALJ gave partial weight to the opinion, because the ALJ did not credit Johnston's statements to Dr. Lipsitz regarding significant mood swings with manic episodes. (Tr. 21.) The ALJ contends that treatment records do not support Johnston's claims of significant mood swings with manic episodes or Johnston's assertion that he has undiagnosed Asperger's syndrome. (Tr. 21.)

The Court also finds that substantial evidence supports the ALJ's grant of partial weight to Dr. Lipsitz's opinion. It was therefore appropriate for the ALJ to discount conclusions in Dr. Lipsitz's opinion that he found were not supported elsewhere in the medical record.

B.  **RFC Determination**

Finally, Johnston contends that the RFC determination does not properly assess his mental RFC. The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. §§ 404.1527(b), 416.927(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009).

The ALJ determined that Johnston had the residual functional capacity to perform a full range of work at all exertional levels, "with the following non-exertional limitations: he is limited to work that involves only simple, routine, repetitive tasks. In a low stress job defined as requiring only occasional decision making and only occasional changes in the work setting with no interaction with the public, only casual and infrequent contact with co-workers and contact with supervisors concerning work duties (when work is being performed up to expectations) occurring no more than four times per workday." (Tr. 15.) Based on a review of the record as a

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

whole, the Court finds that the ALJ's RFC determination was supported by substantial evidence. A review of the record as a whole demonstrates that Johnston has some restrictions in his functioning and ability to perform work related activities, however, he did not carry his burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). Therefore, the ALJ's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Doc. 1, 17.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 19th day of August, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE